**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DENNIS J. ROBINSON, | No. 14-35415 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-5390-TSZ-MAT |
| v. | MEMORANDUM[*] |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted February 10, 2017
Seattle, Washington

Before: PAEZ and CALLAHAN, Circuit Judges, and SELNA, District Judge[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable James V. Selna, District Judge for the U.S. District Court for the Central District of California, sitting by designation.

Dennis J. Robinson ("Robinson") appeals the District Court's order affirming the Administrative Law Judge's ("ALJ") determination that he is not disabled. We have jurisdiction under 28 U.S.C. § 1291. We affirm.[1]

We review de novo a district court's affirmance of an ALJ's denial of social security benefits, and we will reverse the ALJ's decision only if (1) it is not supported by substantial evidence or (2) the ALJ applied the wrong legal standard. Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012).

## 1. The ALJ properly evaluated whether Robinson is disabled.

First, taking into account substance abuse, an ALJ examines whether a claimant cannot work. 20 C.F.R. §§ 404.1520, 416.920. Next, an ALJ examines whether a claimant's substance abuse materially contributes to his disability. 20 C.F.R. §§ 404.1535(a), 416.935(a).[2] If the claimant's substance abuse is material, then the claimant is not disabled. 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J).

Here, the ALJ, taking into account Robinson's substance abuse, found that

---

[1] The parties are familiar with the facts and procedural history, so we will only restate the facts necessary to explain our decision.

[2] Social Security Ruling ("SSR") 13-2p outlines a six-step evaluation process. 2013 WL 621536, at *5 (Feb. 20, 2013). Although SSR 13-2p became effective after Robinson's administrative hearing, it simply codified policies that were already in existence. SSR 13-2p, 2013 WL 621536, at *4; cf. Parra v. Astrue, 481 F.3d 742, 748–50 (9th Cir. 2007). The ALJ's analysis here is consistent with the process set forth in SSR 13-2p.

2

Robinson is disabled. The ALJ then turned to the determinative consideration on this appeal, whether Robinson's substance abuse materially contributed to his disability, and the ALJ found that it did. Id. at 19–24. Because the ALJ followed the necessary steps, the ALJ properly evaluated whether Robinson is disabled. Id. 13–25.

**2.      The ALJ properly examined the medical evidence.**

**a.      Stephen D. Lykins, M.D. ("Dr. Lykins")**

An ALJ may reject the undisputed opinion of a treating physician by providing "clear and convincing" reasons that substantial evidence supports. Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (quoting Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995)). If a treating physician's opinion conflicts with another doctor's opinion, then an ALJ may reject the treating opinion by providing "specific and legitimate reasons" that substantial evidence supports. Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008)).

The ALJ did not completely reject Dr. Lykins' opinion. When discussing Dr. Lykins' opinion, the ALJ stated that he gave it "good weight." Although it is not clear what the ALJ meant by "good weight," the ALJ did not say that he gave Dr. Lykins' opinion "no weight."

3

To the extent the ALJ rejected Dr. Lykins' opinion, he was justified in doing so. Because Dr. Lykins' opinion conflicted with the opinions of other physicians, the ALJ needed to provide only a specific, legitimate reason supported by substantial evidence for rejecting it. Here, such a reason existed. Dr. Lykins' opinion was based on observations he made around the end of November 2009. Dr. Lykins did not have an opportunity to review the notes and observations of the numerous other doctors who treated Robinson between December 2009 and July 2010. As a result, the ALJ had a specific, legitimate basis for discounting Dr. Lykins' opinion. See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) (indicating that a doctor's failure to review other medical records in a case can provide a basis to discount that doctor's opinion).

**b.     Dan Donahue, Ph.D. ("Dr. Donahue")**

A non-examining physician's opinion is usually entitled to less weight than a treating physician's opinion or an examining physician's opinion. See Andrews v. Shalala, 53 F.3d 1035, 1040–41 (9th Cir. 1995). However, when properly supported, a non-examining physician's opinion may constitute substantial evidence on which an ALJ may rely. See, e.g., Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) (citing Andrews, 53 F.3d at 1041).

Dr. Donahue is a non-examining physician. However, the ALJ correctly found that Dr. Donahue's opinion, that Robinson's disorder is primarily substance-induced, is consistent with the opinions of other medical professionals. First, Dr. Ziskin stated that Robinson's "residual needs and problems continue to be his significant history of illicit drug abuse, history of DUI, and history of medication noncompliance[.]" Second, Dr. Postovoit doubted that Robinson's "substance use was not involved" with his impairments. Lastly, Dr. Samson diagnosed Robinson with "significant alcohol and marijuana dependency issues[.]" Because Dr. Donahue's opinion is consistent with the opinions of other medical professionals, the ALJ afforded his opinion appropriate weight.

### c. Daniel A. Kodner, M.D. ("Dr. Kodner")

An ALJ errs by totally ignoring the opinion of a treating physician. Marsh v. Colvin, 792 F.3d 1170, 1172–73 (9th Cir. 2015); see also Garrison, 759 F.3d at 1012–13. However, "ALJ errors in social security cases are harmless if they are inconsequential to the ultimate nondisability determination and that a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ . . . could have reached a different disability determination." Marsh, 792 F.3d at 1173 (internal quotations and citation omitted).

5

Here, the ALJ failed to discuss Dr. Kodner's opinion.  However, no reasonable ALJ, when fully crediting Dr. Kodner's opinion, could reach a different determination.  Dr. Kodner treated Robinson from January 7, 2010, to January 12, 2010, which is a significantly smaller time period than the three-year examination of the claimant in Marsh, 792 F.3d at 1171, 1173.  Importantly, four other doctors found that Robinson's impairments are rooted in his substance abuse.  Furthermore, Dr. Kodner stated that "[b]ecause of [Robinson's] use of Adderall . . . and recent use of alcohol and drugs, it is not possible to entirely rule-out a substance-induced etiology."  Accordingly, because a reasonable ALJ would not reach a different disability determination, the ALJ's error was harmless.

### d.     Sam Martinez ("Martinez")

"Acceptable medical sources" are physicians and licensed psychologists, but not social workers.  20 C.F.R. §§ 404.1513(a), (d) (effective until Mar. 27, 2017).  Instead, social workers are "other sources," which an ALJ may reject for germane reasons.  Id.; Molina, 674 F.3d at 1111; Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1223–24 (9th Cir. 2010).  However, under SSR 06-03p, an ALJ may give the opinion of a medical source who is not an acceptable medical source more weight if that source has, for instance, (1) seen the individual more often than the treating

source, (2) submitted better supporting evidence, and (3) provided a better explanation.  See SSR 06-03p, 2006 WL 2329939, at *4 (Aug. 9, 2006).

The ALJ correctly gave the opinion of Martinez, who is a social worker that issued one psychological evaluation regarding Robinson, little weight.  First, Martinez's opinion contained internal inconsistencies.  Second, Martinez's opinion contradicts the opinions of acceptable medical sources.  In conclusion, the ALJ correctly stated germane reasons for giving Martinez's opinion little weight.

### e. Residual Capacity Assessment

The Commissioner's Program Operations Manual System instructs an ALJ to focus on the written narrative of form SSA-4734-F4-Sup.  POMS DI 25020.010 B.1., available at https://secure.ssa.gov/apps10/poms.nsf/lnx/0425020010.  Here, that is what the ALJ did.  Accordingly, the ALJ did not err by not including the checkbox indications in the decision.

### f. GAF Scores

GAF scores reflect a clinician's "rough estimate of an individual's psychological, social, and occupational functioning[.]"  Vargas v. Lambert, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).  The Social Security Administration's Administrative Message 13066 states that a GAF rating does not provide a reliable picture of mental functioning if a clinician does not state (1) the reasoning behind

the score and (2) the period to which the rating applies. AM-13066 (July 22, 2013).

Although the ALJ did not discuss Robinson's GAF scores, Robinson's treatment providers did not explain (1) the reasoning behind the assigned GAF scores and (2) the symptoms the scores embodied. Thus, the ALJ did not err. See Vincent v. Heckler, 739 F.2d 1393, 1394–95 (9th Cir. 1984) (per curiam) (holding that evidence that is not significant or probative need not be explicitly discussed by the ALJ).

### g.    Ordering an Evaluation

If there is ambiguous evidence or an ALJ finds that the record is inadequate, then the ALJ has a duty to conduct an appropriate inquiry. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001).

Here, the ALJ found that the evidence was not ambiguous in the record, and he stated that "opinion evidence . . . reflects a consensus among medical clinicians that the claimant retains a residual functional capacity which permits him to engage in substantial gainful activities, provided he stops his substance use." Multiple medical opinions support the ALJ's finding that the record was adequate. Because the record was adequate, the ALJ did not have a duty to order a psychological-consultative evaluation.

8

### 3. The ALJ properly provided specific, clear, and convincing reasons for rejecting Robinson's testimony.

When an ALJ finds that a claimant's impairments could cause some degree of the alleged symptoms, and there is no evidence of malingering, the ALJ may only discount the claimant's complaints for "specific, clear and convincing reasons." Burrell v. Colvin, 775 F.3d 1133, 1136 (9th Cir. 2014) (quoting Molina, 674 F.3d at 1112).[3]

The ALJ found that Robinson's testimony regarding his inability to work was not persuasive because Robinson: (1) engaged in community service work similar to work he could perform for employment, (2) tolerated limited interaction with others, and (3) could engage in non-focused activities. Next, the ALJ determined that Robinson's inconsistent statements regarding his drug use hurt his credibility. Furthermore, Robinson's daily activities, such as reading the newspaper, which Robinson found to be "very easy," proved that Robinson's subjective statements regarding his alleged mental impairment were not credible.

---

[3] The standard stated in Burrell and Molina appears to be inconsistent with the "specific, cogent" standard set forth in Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010) (quoting Bruton v. Massanari, 268 F.3d 824, 828 (9th Cir. 2001)). In the present case, the ALJ's findings are sufficient under the more stringent standard of "specific, clear and convincing," so resolving the discrepancy between the standards is not necessary at this time.

In conclusion, the ALJ properly provided specific, clear, and convincing reasons for discrediting Robinson's testimony.

**4.     The ALJ did not ask the vocational expert a defective hypothetical question.**

Absent substance abuse, the ALJ found that Robinson did not have limitations on focusing, supervision, or redirection.  At the hearing, the ALJ asked the vocational expert the following hypothetical question: "[this hypothetical person can] understand, remember, and carry out simple, repetitive instructions, and perform simple repetitive tasks that do not require judgment; [he] could be around employees throughout the workday, but have no more than occasional conversations and interpersonal interaction with others.  Could [he] perform any of Mr. Robinson's past work?"  Therefore, the ALJ's hypothetical question properly included Robinson's limitations.

**AFFIRMED.**

*Robinson v. Colvin*, No. 14-35415

PAEZ, J., dissenting:

When an administrative law judge (ALJ) ignores a treating doctor's opinion, he errs. *Marsh v. Colvin*, 792 F.3d 1170, 1172–73 (9th Cir. 2015) (holding that it "was error" for an ALJ to "totally ignore a treating doctor and his or her notes, without even mentioning them"). And "a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Id.* at 1174 (internal alteration omitted).

Here, the ALJ ignored Dr. Kodner's medical opinion. Dr. Kodner's report explained that Robinson had psychotic symptoms, even though he "recently ha[d] not been using drugs and his urine toxicology was negative when admitted to" Dr. Kodner's care. The report therefore supported Dr. Lykins's opinion that "it did not seem that [Robinson] had a drug-induced psychosis." Dr. Lykins was a treating doctor, but the ALJ gave his opinion lesser weight than the opinions of non-treating, non-examining doctors seemingly due to the lack of later medical opinions supporting Dr. Lykins's diagnosis. The ALJ could arrive at that conclusion only by ignoring Dr. Kodner's report.

Although the majority addresses other issues, the critical issue in this case is whether Robinson's substance abuse materially contributed to his disability. In my

view, the ALJ's failure to consider Dr. Kodner's report is a fundamental error. Under the circumstances, I cannot "confidently conclude" that no reasonable ALJ would have reached a different disability determination had he considered Dr. Kodner's opinion. I would therefore reverse the district court's judgment with instructions to remand this case to the Commissioner for a new hearing.

I respectfully dissent.